E-Filed 8/2/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SKYWAY INVESTMENTS LLC,

Plaintiff,

v.

AGUSTIN ZARATE,

Defendant.

Case No.  16-cv-04293-HRL

**ORDER REASSIGNING CASE**

**REPORT AND RECOMMENDATION THAT CASE BE REMANDED**

Re: Dkt. No. 1

Plaintiff filed an unlawful-detainer action against Defendant in the California Superior Court for the County of Santa Clara.  Dkt. No. 1 at 1.  Defendant removed the case to this court. The undersigned orders that this case be reassigned to a district judge and recommends that this case be remanded for lack of subject-matter jurisdiction.

### Discussion

A defendant may remove a case to federal court if the federal court would have original subject-matter jurisdiction over the complaint.  28 U.S.C. § 1441.  A defendant who removes a case has the burden to show "federal jurisdiction" supports the removal.  *E.g.*, *Russell v. Aramark Refreshment Servs., LLC*, 16-cv-00613-YGR, 2016 WL 921681, at *1 (N.D. Cal. Mar. 11, 2016). Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if the plaintiff alleges a claim based on federal law.  *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses or counterclaims based on federal law do not create federal subject-matter jurisdiction. *Id.*  Original federal subject-matter jurisdiction also exists in diversity suits—cases where the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. 28 U.S.C. § 1332.  A federal court that appears to lack subject-matter jurisdiction over an ongoing case must remand that case.  28 U.S.C. § 1447(c).  "[A]ny doubt about" whether removal was

United States District Court
Northern District of California

proper requires remand.  *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Defendant removed this case improperly.  Defendant asserts federal-question jurisdiction exists here because he believes Plaintiff violated a variety of federal laws in the course of foreclosing on his home, *see* Dkt. No. 1 at 2-4, but federal defenses and counterclaims do not establish federal jurisdiction, *Vaden*, 129 S. Ct. at 1272.  Defendant also fails to establish diversity jurisdiction.  Unlawful-detainer actions resolve only who has "the right to possess[]" real property and the damages caused by unlawful possession, *e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, 10-cv-05478-PJH, 2011 WL 204322, at *3 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977)), and so the amount in controversy is equal to the amount of unlawful-possession damages fairly alleged in the complaint, *see id.*  Defendant failed to file a copy of the complaint when he removed this case, and so he has failed to carry his burden to show that the amount in dispute—the fairly alleged unlawful-possession damages—exceeds $75,000.  The undersigned therefore recommends that this case be remanded for lack of subject-matter jurisdiction.

The court advises Defendant that future attempts to remove this case may result in sanctions.

### Conclusion

The undersigned believes removal was improper because Defendant has failed to establish subject-matter jurisdiction.  The undersigned therefore orders that this case be reassigned to a district judge and recommends that this case be remanded for lack of subject-matter jurisdiction.  The court advises Defendant that he has 14 days to file objections to this report and recommendation after he has been served with his copy.

**IT IS SO ORDERED, REPORTED, AND RECOMMENDED.**

Dated: 8/2/16

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

2